1 | GROOM LAW GROUP, CHARTERED
Lars C. Golumbic (admitted *pro hac vice*)
lgolumbic@groom.com
Sarah M. Adams (admitted *pro hac vice*)
sadams@groom.com
Shaun A. Gates (admitted *pro hac vice*)
sgates@groom.com
Lawrence A. Brett (admitted *pro hac vice*)
lbrett@groom.com
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 857-0620; Fax: (202) 659-4503

*Attorneys for Defendants AMPAM Parks Mechanical, Inc., Charles E. Parks III, John D. Parks, John G. Mavredakis, Kushal B. Kapadia, the AMPAM Board of Directors, James C. Wright III, Kevin Dow, James Ellis, Steve Grosslight, and Mike Matkins (collectively, the "AMPAM Defendants")*

[additional counsel listed below]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfredo Ramirez, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>AMPAM Parks Mechanical, Inc., et al.,<br><br>  Defendants. | No. 5:24-CV-01038<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND RELATED HEARING DATE; DECLARATION OF SARAH M. ADAMS**<br><br>**RENEWED REQUEST FOR FIRST EXTENSION (FIRST REQUEST DENIED)**<br><br>Current Response Deadline: November 14, 2024<br><br>Proposed Response Deadline: March 6, 2025<br><br>Current Hearing Date: December 5, 2024<br><br>Proposed Hearing Date: April 24, 2025 |

Defendants AMPAM Parks Mechanical, Inc., Charles E. Parks III, John D. Parks, John G. Mavredakis, Kushal B. Kapadia, the AMPAM Board of Directors, James C. Wright III, Kevin Dow, James Ellis, Steve Grosslight, and Mike Matkins (the "AMPAM Defendants"), and Ventura Trust Company ("Ventura") and Neil Brozen by and through their counsel of record (together, "Defendants"), hereby file their *ex parte* application for an extension of time to respond to Plaintiffs' Motion for Class Certification (ECF 84) from November 14, 2024 to March 6, 2025, and to adjust the related hearing date from December 5, 2024 to April 24, 2025. Defendants seek this relief to allow for sufficient class-certification-related discovery and the potential narrowing of claims as a result of Defendants' forthcoming motions to dismiss. Defendants sought Plaintiffs' consent to the requested relief, but Plaintiffs did not respond. Defendants respectfully submit that, for the following reasons, good cause exists for the requested relief, and that, as described below, they have acted with due diligence in the conduct of this matter.

## Background

On December 28, 2023, Plaintiffs' counsel filed a putative class action complaint in the Southern District of California on behalf of a different named plaintiff. *See Barrios v. AMPAM Parks Mech. Inc.*, No. 3:23-cv-02357-JLS DEB, at ECF 1 (S.D. Cal. filed Dec. 28, 2023). The defendants in that case moved to dismiss on the grounds that, among other things, Mr. Barrios lacked constitutional standing because he left employment before vesting in the ESOP and therefore did not and could not have suffered the injury alleged in the complaint. *Id.* at ECF 26, 26-1. Rather than respond to the defendants' arguments, the plaintiff voluntarily dismissed the *Barrios* case on May 16, 2024. *Id*. at ECF 30.

That same day, Plaintiffs' counsel filed a nearly identical complaint in this Court on behalf of Plaintiffs Alfredo Ramirez and Ramón Santos Castro against

1

Defendants AMPAM Parks Mechanical, Inc., Charles E. Parks III, John D. Parks, John G. Mavredakis, the AMPAM Board of Directors, (collectively, the "Original AMPAM Defendants"), John and Jane Does 1-10, and Brozen. ECF 1. Plaintiffs seek to represent the same class as did Mr. Barrios. *See* ECF 1 ¶ 112; *Barrios*, No. 3:23-cv-02357-JLS DEB, at ECF 1 ¶ 106.

On May 20, 2024, the Court entered its Civil Standing Order (ECF 9), which stated that, "[f]or any action purporting to commence a class action, . . . plaintiff(s) shall file a motion for class certification no later than 100 days from the date of the parties' Rule 26(f) conference."[1] Plaintiffs Ramirez and Castro, Brozen, and the Original AMPAM Defendants held their joint Rule 26(f) conference on July 17, 2024. 100 days following that date was October 25, 2024.

On July 31, 2024, the parties filed their Joint Rule 26(f) Report (ECF 36), in which Plaintiffs and Defendants presented differing proposed case schedules. To date, the Court has not held an initial case management conference or entered a case management order. As a result, there are currently no deadlines governing the close of fact or expert discovery, dispositive motions, pre-trial filings, or trial.

The parties proceeded to engage in discovery, the extent of which is discussed more fully *infra*, p. 11-12.

On August 12, 2024, Brozen and the Original AMPAM Defendants timely filed motions to dismiss the Complaint. ECF 40, 41; *see also* ECF 48, 49

---

[1] Although not the version entered on the docket in this case, the current version of the Civil Standing Order provides for filing of a class certification motion "no later than 100 days from the date of the scheduling conference," *Civil Standing Order* (available at https://www.cacd.uscourts.gov/sites/default/files/documents/KK/AD/KK%20Civil%20Standing%20Order.pdf), at 6, rather than 100 days from the Rule 26(f) conference. Defendants note that their requested timing for class certification briefing would fall roughly around this deadline even if the scheduling conference were to be held in the immediate future.

1  (corrected motions).  On September 3, 2024, while Brozen's and the Original
2  AMPAM Defendants' motions to dismiss were pending, Plaintiffs filed their First
3  Amended Complaint ("FAC").  ECF 57.  Notably, the FAC added seven additional
4  defendants, which included Defendants Kushal B. Kapadia, James C. Wright III,
5  Kevin Dow, James Ellis, Steve Grosslight, and Mike Matkins (collectively, the
6  "New AMPAM Defendants", and together with the "Original AMPAM
7  Defendants," the "AMPAM Defendants"), and Ventura.  The FAC also added a
8  new named Plaintiff, Ivan Fernandez.  *Id*.  Defendants' deadline to respond to the
9  FAC is November 12, 2024.  ECF 60, 62.

On September 18, 2024, Plaintiffs' counsel reached out to Defendants' counsel seeking to meet and confer regarding Plaintiffs' motion for class certification.  Over the subsequent weeks, the parties exchanged emails discussing the matter, with Defendants expressing the view that class certification briefing should not proceed before their forthcoming motions to dismiss had the opportunity to narrow the claims and before sufficient discovery had been conducted.  The parties met and conferred on October 21, 2024, and ultimately agreed to ask the Court to establish a briefing schedule that would provide sufficient time for appropriate discovery and allow for the motion to dismiss process to precede the class certification process.  On October 22, 2024, the parties filed their Stipulation requesting that the Court set the following deadlines:

- Motions to Dismiss ("MTD") Deadline – November 12, 2024 (previously set by Court order)
- MTD Opposition Deadline – December 19, 2024
- MTD Reply Deadline – January 16, 2025
- MTD Hearing – January 30, 2025 (if available)

3

- Class Certification Motion Deadline – February 6, 2025
- Class Certification Opposition Deadline – March 6, 2025
- Class Certification Reply Deadline – April 3, 2025
- Class Certification Hearing – April 24, 2025 (if available)

ECF 80.

On October 23, 2024, the Court denied the parties' Stipulation, indicating that the parties had not demonstrated due diligence and good cause to adjust the schedule. ECF 81. In light of the Court's ruling, Plaintiffs filed their Motion for Class Certification on October 25, 2025. ECF 84.

Defendants are bringing this application *ex parte* because their deadline to respond to Plaintiffs' motion for class certification is a week away and, despite their diligent efforts, they have been unable to resolve the issue sufficiently in advance of the class certification deadline to avoid filing this application. Defendants reached out to Plaintiffs the day after the Court denied the parties' Stipulation, proposing that the parties refile their Stipulation with more detailed explanation of the parties' due diligence and good cause for shifting the deadlines. Decl. of Sarah M. Adams ("Adams Decl.") ¶ 4. Plaintiffs rejected Defendants' proposal. *Id*. On November 1, 2024, Defendants again reached out to Plaintiffs and informed them that they would seek to move the class certification deadlines and requested to meet and confer with Plaintiffs. *Id*. ¶ 5. The parties met and conferred on November 5, 2024, but Plaintiffs were not prepared to take a position on Defendants' request. *Id*. ¶ 6. Defendants requested that Plaintiffs let them know of their position by noon on November 6. *Id*. To date, Plaintiffs have not provided Defendants with their position on the requested relief. *Id*. ¶ 7.

## Legal Standard

The Ninth Circuit has made clear that "[t]he class action determination can only be decided after the district court undertakes a 'rigorous analysis' of the

4

prerequisites for certification." *ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011)). "To undertake that analysis may require discovery." *Id.*

In *ABS Entertainment, Inc.*, the Ninth Circuit considered the application of then-effective Central District of California Local Rule 23-3, which required plaintiffs to file a motion for class certification within ninety days after service of the complaint. *Id.* at 426. The Court of Appeals concluded "that the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23." *Id.* at 427. The Ninth Circuit reached this conclusion because Rule 23 had been amended to require that the determination whether to certify a class be made "at an early practicable time" rather than "as soon as practicable," as previously required. *See id.*; Fed. R. Civ. P. 23, Adv. Comm. Notes to 2003 Amendment.

The Supreme Court has explained that "the alteration in Rule 23 was made to allow greater leeway, more time for class discovery, and additional time to explore designation of class counsel and consider additional class counsel applications rather than deny class certification, thus affording the best possible representation for the class." *China Agritech v. Michael H. Resh*, 584 U.S. 732, 741 (2018) (internal alternations and quotations omitted).[2]

Although district courts in the Ninth Circuit do not read *ABS Entertainment, Inc.* as completely prohibiting enforcement of deadlines for filing class certification motions, they do understand the Court of Appeals to mean that courts may not enforce a deadline if doing so would stand in the way of the court

---

[2] The Advisory Committee notes to Rule 23 discussing the 2003 revision explain that "Subdivision (c)(1)(A) is changed to require that the determination whether to certify a class be made 'at an early practicable time.' The 'as soon as practicable' exaction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision." Adv. Comm. Notes to 2003 Amendment.

5

conducting the rigorous analysis required for certification of a class. *See, e.g.*, *Luna v. New Hampshire Ball Bearings, Inc.*, No. 2:18-cv-10755-AB-JC, 2019 WL 9406251, at *1 (C.D. Cal. March 27, 2019) ("Under these circumstances, enforcing the bright-line rule requiring litigants to move for class certification within ninety days of serving the complaint would be unfair because Plaintiff necessarily requires precertification discovery to survive a 'rigorous analysis' of the class certification requirements."); *Fabricant v. Paymentclub Inc.*, No. 2:19-CV-02451, 2019 WL 5784174, at *2 (C.D. Cal. Nov. 6, 2019) (granting relief from deadline for filing class certification motion in consideration of a showing of "diligence and timeliness in filing his Motion for Relief and the demanding requirement of a sufficient factual record at class certification"). Under the revised Rule 23 and the guidance of the Ninth Circuit in *ABS Entertainment, Inc.*, the timing requirements of Rule 23 "must be applied with a 'flexible approach'." *Emami v. Mayorkas*, No. 18-cv-01587-JD, No. 18-cv-07818-JD, 2024 WL 1298062, at *2 (N.D. Cal. Mar. 26, 2024) (quoting *ABS Entertainment,* Inc., 908 F.3d at 427).

## **Argument**

### *Good Cause Exists for the Requested Relief*

Defendants respectfully submit that strict application of the Court's similar deadline in its Civil Standing Order (ECF 9) would deprive the Court of the opportunity to conduct the rigorous analysis that is required to certify a class. All Defendants—including those who have not yet even submitted a responsive pleading—should have the opportunity to test each of the named Plaintiffs and their claims against the rigorous standards of Rule 23. Importantly, absent class members should not be represented by any named Plaintiff whose adequacy and typicality has not been rigorously examined. *See China Agritech*, 584 U.S. at 741 (recognizing that leeway and discovery are necessary to "afford[] the best possible representation for the class").

The most indisputable problem with proceeding with class certification briefing on the schedule established by the Civil Standing Order entered before the amendment of the complaint is that Defendants will have been deprived of the opportunity to examine the adequacy and typicality of the new named Plaintiff, Ivan Fernandez. Fernandez was added when the FAC was filed on September 3. ECF 57. Even if Defendants had served written discovery and document requests on Mr. Fernandez the very next business day after he joined the case (September 4), his responses would not have been due until October 4. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Defendants were required to meet and confer with Plaintiffs 7 days prior to their filing of their motion for class certification, or on October 18. *See* Local Civil Rule 7-3. It would have been impossible for the Defendants to review Mr. Fernandez's responses and objections, schedule a meet and confer to resolve any discovery disputes, review documents he produced and answers he provided, take his deposition, and evaluate the evidence gathered in time to fulfill their obligation to "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" as required by Local Civil Rule 7-3 just two weeks later. Enforcing a class certification briefing schedule that would prevent rigorous analysis of Mr. Fernandez's adequacy and typicality would constitute a clear violation of the Ninth Circuit's instruction in *ABS Entertainment, Inc*.

Beyond that, Defendants require additional time to conduct sufficient discovery regarding the adequacy and typicality of the other two named Plaintiffs, Mr. Ramirez and Mr. Castro. Defendants will need to explore whether Mr. Ramirez and Mr. Castro have a sufficient understanding of the lawsuit they are bringing. Here, Plaintiffs' counsel previously filed the same lawsuit in a different court and then dropped it upon facing arguments that they were bringing suit on behalf of an individual who could not have been harmed by the acts alleged. *See*

|   |   |
|---|---|
| 1 | *Barrios*, No. 3:23-cv-02357-JLS DEB, at ECF 1, 26-1, 30.  They promptly brought |
| 2 | suit in this Court on behalf of Mr. Ramirez and Mr. Castro, raising concerns about |
| 3 | whether this litigation is truly being led by the named Plaintiffs rather than by their |
| 4 | lawyers.  As Plaintiffs have made clear, Mr. Ramirez and Mr. Castro speak limited |
| 5 | English.  ECF 36 at 12.  Defendants will explore in discovery whether Plaintiffs' |
| 6 | counsel has provided Mr. Ramirez and Mr. Castro with sufficient information in |
| 7 | Spanish for them to understand their claims and to fulfill their duties as class |
| 8 | representatives.  As it stands, Defendants have significant concerns about whether |
| 9 | Plaintiffs' counsel has made sufficient investment in the translation services that |
| 10 | their clients requite.  Specifically, Plaintiffs' counsel requested that the AMPAM |
| 11 | Defendants bear the burden of translating their interrogatories into Spanish.  |
| 12 | Adams Decl. ¶ 8.  When asked to cite a rule imposing such a requirement on |
| 13 | Defendants, Plaintiffs' counsel did not respond.  *Id*.  Additionally, Defendants |
| 14 | recently called to Plaintiffs' counsel's attention that the translated declarations they |
| 15 | submitted in support of their class certification motion to demonstrate Mr. |
| 16 | Ramirez's and Mr. Castro's understanding of their duties as class representatives |
| 17 | should have been supported by a certification by a qualified translator, not by a |
| 18 | declaration of counsel.  *Id*. ¶ 9.  Plaintiffs' counsel subsequently gathered and |
| 19 | submitted the appropriate certifications post hac.  ECF 89, 90, 90-1.  For the |
| 20 | protection of absent class members, discovery is necessary to ensure that the |
| 21 | putative class representatives have received and will continue to receive sufficient |
| 22 | information in a format understandable to them such that they can effectively |
| 23 | fulfill their duties as class representatives and ensure that they are the ones |
| 24 | controlling the litigation. |
| 25 | More broadly, the FAC "represents a significant expansion of the issues in |
| 26 | this case," as Plaintiffs have acknowledged.  ECF 60 ¶ 4; ECF 64 ¶ 7.  In addition |
| 27 | to the new Plaintiff and 7 new Defendants, the FAC adds claims related to a 2023 |
| 28 |   |

8

1 transaction. Although Plaintiffs did not alter the putative class definition between
2 the Complaint and the FAC, the addition of claims arising out of the 2023
3 transaction adds significant complexity to the analysis of commonality and
4 typicality. That is because some individuals would have been plan participants at
5 the time of the 2019 transaction but not the 2023 transaction, others at the time of
6 the 2023 transaction but not the 2019 transaction, with still others perhaps
7 participating in the middle of the class period but not at the time of either of the
8 challenged transactions.

A determination of numerosity, typicality, commonality, and adequacy in this case will require an examination of participant-level plan data so that the parties and the Court can consider any differences in interest among those individuals who participated in the ESOP during differing time periods. Plaintiffs acknowledge this is the case. Plaintiffs requested such data from the Original AMPAM Defendants. Plaintiffs' Request for Production No. 3 seeks:

> Documents sufficient to identify all Participants in the Plan, including the Participants' names, addresses, telephone numbers, the identity of their beneficiaries, total shares allocated to their account on an annual basis from 2017 to the present, the total share balance and value on an annual basis, the number of vested shares allocated to their account from 2017 to the present, and any distributions from their account including the date, number of shares distributed, and total value of each distribution[.]

Adams Decl. ¶ 10. The Original AMPAM Defendants objected to this Request as premature because it sought production of confidential information prior to entry of a protective order and before a class has been certified. Plaintiffs responded that "this information is relevant to Plaintiffs' upcoming motion for class certification." *Id.* ¶ 11. The parties subsequently met and conferred over the issue, and the Original AMPAM Defendants agreed to collect and produce anonymized participant level data because they agree with Plaintiffs that that data is relevant to

9

the class certification analysis. *Id.* ¶ 12. The AMPAM Defendants require time to obtain the data from the ESOP's administrator, analyze it (with the aid experts if necessary), and determine whether the data presents obstacles to class certification.

Defendants submit that requiring them to respond to Plaintiffs' class certification motion without adequate discovery will waste judicial and party resources. Should the Court decide to certify a class on the basis of an inadequate record, Defendants are likely to move to decertify the class after discovery and analysis of these issues is complete. On the opposite side of the balance to this waste, there is nothing to be gained by certifying a class prematurely. Plaintiffs seek to certify a class under Rule 23(b)(1) or 23(b)(2), meaning that class members will not have the opportunity to opt out. ECF 84-1 at 17. As a result, the urgency of providing notice of the lawsuit to absent class members is greatly diminished. *See* Adv. Comm. Notes to 2009 Amend. ("The ultimate goal of giving notice is to enable class members to make informed decisions about whether to opt out or, in instances where a proposed settlement is involved, to object or to make claims."). Certification of the class at a later date therefore would not prejudice absent class members in any way.

Finally, Defendants' requested schedule would allow not only for sufficient discovery but for any narrowing of the claims and issues that may result from Defendants' forthcoming motions to dismiss. As the Rules Advisory Committee explained in connection with the 2003 Amendment to Rule 23, "discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. . . . A critical need is to determine how the case will be tried." Certifying a class prior to any consideration of what claims will even *proceed* in the matter, let alone be presented at trial, puts the cart before the horse and would result in a waste of judicial and party

resources.[3]

For these reasons and in light of the concerns about discovery necessary to a rigorous analysis that motivated the change to Rule 23, Defendants respectfully submit that good cause exists to adjust the class certification briefing and hearing deadlines so that sufficient discovery can be conducted and the question of what, if any, claims will proceed can be resolved.

### *Defendants Exercised Due Diligence*

Defendants have exercised due diligence in the conduct of this case. Plaintiffs' FAC necessitated arranging for representation of 7 new Defendants and analyzing an FAC that is nearly 50 pages in length and contains 237 paragraphs. Defendants are now preparing briefs in support of new motions to dismiss, having already expended considerable time and resources briefing previous motions to dismiss.

Meanwhile, Defendants similarly have spent extensive amounts of time and resources responding to Plaintiffs' discovery requests arising out of both the initial Complaint and the FAC. Plaintiffs initially served on each of the five Original AMPAM Defendants fourteen requests for production of documents and nine separate interrogatories, and on Brozen twenty-six requests for production of documents and four interrogatories. Adams Decl. ¶ 13. The AMPAM Defendants served responses and objections and met and conferred with Plaintiffs, and then Plaintiffs served amended requests on all eleven of the AMPAM Defendants, including the New AMPAM Defendants, as well as on Brozen and Ventura,

---

[3] Because Plaintiffs have already filed their motion for class certification, Defendants have no objection to the Court either leaving that filing on the docket and allowing Defendants to respond by March 6, 2025, or striking the filing and setting February 6, 2025, as Plaintiffs' deadline to file their motion for class certification. The latter would allow Plaintiffs to file a motion that reflects both facts revealed in discovery and any ruling by the Court on Defendants' motions to dismiss.

necessitating additional responses and objections. *Id.* ¶ 13. The AMPAM Defendants have produced 1,539 pages of documents and have collected 66,979 additional documents, which are currently on counsel's document review platform for review. *Id.* ¶ 14. They are also in the process of identifying and collecting additional documents. Meanwhile, Plaintiffs served third-party subpoenas on eleven of the entities involved in the transactions at issue in the case.[4]

Defendants have been fully engaged in responding to Plaintiffs' extensive discovery requests, all while the newly-added Defendants were still arranging for representation, while no case schedule has been established, and while no Defendant has filed a responsive pleading to the operative complaint. Defendants have acted with due diligence throughout this matter.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court extend their time to respond to Plaintiffs' Motion for Class Certification (ECF 84) from November 14, 2024, to March 6, 2025, and adjust the hearing date on that motion from December 5, 2024, to April 24, 2025.

Dated: November 7, 2024

Respectfully Submitted,

*/s/ Sarah M. Adams*
Lars C. Golumbic (admitted *pro hac vice*)
Sarah M. Adams (admitted *pro hac vice*)
Shaun A. Gates (admitted *pro hac vice*)
Lawrence A. Brett (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 861-6615
Fax: (202) 659-4503
Email: lgolumbic@groom.com

---

[4] The AMPAM Defendants' counsel represents one of those third parties, the financial advisor to AMPAM in the 2019 transaction, and have produced on behalf of that entity 2,713 pages of documents and collected another 10,227 documents currently on their review platform. Adams Decl. ¶ 15.

```
                              sadams@groom.com
                              sgates@groom.com
                              lbrett@groom.com

                              PROCOPIO, CORY, HARGREAVES &
                              SAVITCH LLP
                              Jeff S. Hood (Bar No. 216703)
                              jeff.hood@procopio.com
                              12544 High Bluff Drive, Suite 400
                              San Diego, CA 92130
                              Tel: 858.720.6300

                              Sean M. Sullivan (Bar No. 254372)
                              sean.sullivan@procopio.com
                              525 B Street, Suite 2200
                              San Diego, CA 92101
                              Tel: 619.238.1900
                              Fax: 619.235.0398

                              Emily M. Marsh (Bar No. 322494)
                              emily.marsh@procopio.com
                              200 Spectrum Center Dr., Ste. 1650
                              Irvine, CA 92618-5012
                              Tel: 949.705.0666
```

*Attorneys for Defendants AMPAM Parks Mechanical, Inc., Charles E. Parks III, John D. Parks, John G. Mavredakis, Kushal B. Kapadia, the AMPAM Board of Directors, James C. Wright III, Kevin Dow, James Ellis, Steve Grosslight, and Mike Matkins*

*/s/ Julian Andre*
J. CHRISTIAN NEMETH (Cal. Bar No. 222271)
jcnemeth@mwe.com
**McDermott Will & Emery LLP**
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336
Telephone: +1 305 358 3500
Facsimile: +1 305 347 6500

JULIAN ANDRE (Cal. Bar No. 251120)
jandre@mwe.com
**McDermott Will & Emery LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 551 9335
Facsimile: +1 310 317 7296

*Attorneys for Defendants Neil Brozen and Ventura Trust Company*

# DECLARATION OF SARAH M. ADAMS

I, Sarah M. Adams, declare under penalty of perjury:

1. I have personal knowledge of the following facts and, if called as a witness at a relevant proceeding, could and would testify to the facts.

2. I am partner at Groom Law Group, Chartered and an attorney admitted to practice *pro hac vice* before this Court. I submit this declaration in support of Defendants' *Ex Parte* Application to Extend the Deadline to Respond to Plaintiffs' Motion for Class Certification from November 14, 2024 to March 6, 2025, and to adjust the related hearing date from December 5, 2024 to April 24, 2025.

3. I have served as one the attorneys of record for the AMPAM Defendants since the outset of this case.

4. On October 24, 2024, after the Court denied the parties' scheduling Stipulation, I emailed Plaintiffs' counsel on behalf of all Defendants, proposing that the parties put together a renewed stipulation with a more detailed explanation of the parties' due diligence and good cause for shifting the deadlines. Plaintiffs rejected that proposal the same day.

5. On November 1, 2024, I emailed Plaintiffs' counsel on behalf of all Defendants, informing Plaintiffs that Defendants intended to move the court to reschedule the class certification hearing to April 24, the date previously agreed upon by the parties, and expressing Defendants' continued openness to discussing a briefing schedule that was acceptable to both sides.

6. The parties met and conferred on November 5, 2024. Plaintiffs expressed that they were not prepared to take a position on Defendants' requested relief. Defendants requested that Plaintiffs let them know their position by noon on November 6.

7. At the time of this filing, Plaintiffs have not responded to Defendants'

1

request that they state their position with respect to the requested relief.

8. On October 27, 2024, Plaintiffs' counsel emailed AMPAM's counsel stating, "As you know, Mr. Ramirez and Mr. Santos Castro are Spanish speakers with limited English language proficiency. See ECF 36 at 12. As such, we will need you to serve a version of these discovery requests translated into Spanish so that our clients can review and understand them." On October 28, 2024, counsel for the AMPAM Defendants responded, asking Plaintiffs' counsel to direct them to a rule requiring Defendants to serve discovery in a language other than English, if one existed. Plaintiffs' counsel never responded to that invitation.

9. On November 4, 2024, counsel for the AMPAM Defendants emailed Plaintiffs' counsel asking them to either withdraw Plaintiffs Ramirez and Castro's Declarations and Duties of Class Representative sheets or file English translations of these documents with the Court (no later than Friday November 8) that have been properly authenticated by a qualified translator or certified interpreter or the AMPAM Defendants would move to strike the declarations.

10. On June 19, 2024, Plaintiffs served a request for the production of documents that contained the following request:

> Documents sufficient to identify all Participants in the Plan, including the Participants' names, addresses, telephone numbers, the identity of their beneficiaries, total shares allocated to their account on an annual basis from 2017 to the present, the total share balance and value on an annual basis, the number of vested shares allocated to their account from 2017 to the present, and any distributions from their account including the date, number of shares distributed, and total value of each distribution[.]

11. Defendants objected to this request as premature because it sought production of confidential information prior to entry of a protective order and before a class has been certified. Plaintiffs responded that "this information is relevant to Plaintiffs' upcoming motion for class certification."

2

12. The parties subsequently met and conferred over the issue, and the Original AMPAM Defendants agreed to collect and produce anonymized participant level data because they agree with Plaintiffs that that data is relevant to the class certification analysis. The AMPAM Defendants require time to obtain the data from the ESOP's administrator, analyze it (with the aid experts if necessary), and determine whether the data presents obstacles to class certification.

13. Plaintiffs initially served on each of the five Original AMPAM Defendants fourteen requests for production of documents and nine separate interrogatories. The AMPAM Defendants served responses and objections and met and conferred with Plaintiffs, and then Plaintiffs served amended requests on all eleven of the AMPAM Defendants, including the New AMPAM Defendants, necessitating additional responses and objections.

14. The AMPAM Defendants have produced 1,539 pages of documents and have collected 66,979 additional documents, which are currently on counsel's document review platform for review. They are also in the process of identifying and collecting additional documents. Meanwhile, Plaintiffs served third-party subpoenas on eleven of the entities involved in the transactions at issue in the case.

15. The AMPAM Defendants' counsel represents one of those third parties, the financial advisor to AMPAM in the 2019 transaction, and have produced on behalf of that entity 2,713 pages of documents and collected another 10,227 documents currently on their review platform.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 7, 2024

_____
Sarah M. Adams

# CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

Dated: November 7, 2024             /s/ Sarah M. Adams
                                    Sarah M. Adams