GROOM LAW GROUP, CHARTERED
Lars C. Golumbic (admitted *pro hac vice*)
lgolumbic@groom.com
Sarah M. Adams (admitted *pro hac vice*)
sadams@groom.com
Andrew D. Salek-Raham (admitted *pro hac vice*)
asalek-raham@groom.com
Shaun A. Gates (admitted *pro hac vice*)
sgates@groom.com
Lawrence A. Brett (admitted *pro hac vice*)
lbrett@groom.com
Tom B. Scott-Sharoni (admitted *pro hac vice*)
tscott-sharoni@groom.com
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 857-0620; Fax: (202) 659-4503

*Attorneys for Defendants AMPAM Parks Mechanical, Inc., Charles E. Parks III, John D. Parks, John G. Mavredakis, Kushal B. Kapadia, the AMPAM Board of Directors, James C. Wright III, Kevin Dow, James Ellis, Steve Grosslight, Mike Matkins, CHARKAT LLC, the trustee(s) of the John D. Parks Living Trust, and the trustee(s) of the Mavredakis Family Trust (collectively, the "AMPAM Defendants")*

[additional counsel listed below]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfredo Ramirez, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMPAM Parks Mechanical, Inc., et al.,<br><br>        Defendants. | No. 5:24-CV-01038<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 23, 2026<br>Time: 9:30 AM<br>Judge: Hon. Kenly Kiya Kato<br>Courtroom: 3 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, July 23, 2026, at 9:30 AM, or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Central District of California at 3470 12th Street, Riverside, CA 92501, Defendants AMPAM Parks Mechanical, Inc., Charles E. Parks III, John D. Parks, John G. Mavredakis, Kushal B. Kapadia, the AMPAM Board of Directors, James C. Wright III, Kevin Dow, James Ellis, Steve Grosslight, Mike Matkins, CHARKAT LLC, the trustee(s) of the John D. Parks Living Trust, and the trustee(s) of the Mavredakis Family Trust (the "AMPAM Defendants"), and Ventura Trust Company ("Ventura") and Neil Brozen, by and through their counsel of record (together, "Defendants"), will and hereby do move the Court for summary judgment with respect to the claims set forth in Plaintiffs' Second Amended Class Action Complaint (Dkt. 167, "SAC").  Today the parties reached agreement on a stipulation providing that Plaintiffs would dismiss (1) all claims against Ventura, (2) all claims under 29 U.S.C. § 1106(a), § 1106(b)(1), and § 1106(b)(2) against all Defendants except Brozen, and (3) all claims that the 2023 Transaction was a prohibited transaction and breach of fiduciary duty.  Defendants anticipate that the stipulation will be filed contemporaneously with this motion or promptly thereafter.  In light of Plaintiffs' concessions that they are no longer pursuing these claims, the Court should dismiss them.

The Court should enter summary judgment in favor of Defendants because, as set forth in greater detail in Defendants' concurrently-filed Memorandum of Points and Authorities, the evidence makes clear that Plaintiffs lack standing because they have failed to put forth any affirmative evidence that the AMPAM Parks Mechanical, Inc. ("AMPAM") Employee Stock Ownership Plan ("ESOP") and its participants were harmed by the 2019 ESOP Transaction.  *See Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020) (requiring "an injury in fact that is concrete,

1

particularized, and actual or imminent").

The evidence also makes clear that the Seller Notes issued in connection with the 2019 ESOP Transaction were exempt from ERISA's prohibited transaction rules. *See* 29 U.S.C. § 1108(b)(3). Further, the relevant AMPAM Defendants were not fiduciaries and did not otherwise violate Section 406(b)(3) of ERISA or "knowingly participate" in any fiduciary violation. *See Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-cv-1126, 2022 WL 4596576, at *6 (C.D. Cal. Aug. 15, 2022) (requiring proof that defendants "know or have reason to know of the circumstances that made the transaction unlawful, beyond the mere fact that it is prohibited from the perspective of a fiduciary"). The relevant AMPAM Defendants also satisfied ERISA's "limited" duty to monitor the ESOP's trustee in connection with the 2019 Transaction. *See Lingis v. Motorola, Inc.*, 649 F. Supp. 2d 861, 881 (N.D. Ill. 2009) (A monitoring fiduciary need only review the appointed fiduciary's performance "[a]t reasonable intervals" and "in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards." (quoting DOL Interpretive Bulletin, 29 C.F.R. § 2509.75-8 at FR-17)), *aff'd sub nom.*, *Howell v. Motorola, Inc.*, 633 F.3d 552 (7th Cir. 2011). Therefore, even if Plaintiffs have standing, the Court should enter judgment in favor of the AMPAM Defendants on all of Plaintiffs' remaining claims and in favor of Defendants Neil Brozen and Ventura with respect to Plaintiffs' claim in Count I regarding the Seller Notes.

Because there is no genuine dispute as to any material fact underlying this Motion, Defendants are entitled to judgment as a matter of law. This Motion is brought pursuant to Federal Rule of Civil Procedure 56(a) and L.R. 56-1 and is based on this Notice of Motion and Motion for Summary Judgment, the supporting Memorandum of Points and Authorities, the associated Statement of Uncontroverted Facts, the Declaration of Sarah M. Adams and the documents

2

appended thereto, and any further materials that may be presented at the hearing on this matter.

As set forth in the attached Declaration of Sarah M. Adams, this Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 10, 2026. Plaintiffs' counsel advised through follow-up email correspondence that they no longer intend to pursue certain claims against Defendants, as explained above.

Dated: June 18, 2026                    Respectfully Submitted,

*/s/ Sarah M. Adams*
Lars C. Golumbic (admitted *pro hac vice*)
Sarah M. Adams (admitted *pro hac vice*)
Andrew D. Salek-Raham (admitted *pro hac vice*)
Shaun A. Gates (admitted *pro hac vice*)
Lawrence A. Brett (admitted *pro hac vice*)
Tom B. Scott-Sharoni (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 861-5432
Fax: (202) 659-4503
Email: lgolumbic@groom.com
        sadams@groom.com
        asalek-raham@groom.com
        sgates@groom.com
        lbrett@groom.com
        tscott-sharoni@groom.com

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
Jeff S. Hood (Bar No. 216703)
jeff.hood@procopio.com
12544 High Bluff Drive, Suite 400
San Diego, CA 92130
Tel: 858.720.6300

Sean M. Sullivan (Bar No. 254372)
sean.sullivan@procopio.com
525 B Street, Suite 2200
San Diego, CA 92101
Tel: 619.238.1900
Fax: 619.235.0398

Stephen R. Isbell (Bar No. 247515)

3

Emily M. Marsh (Bar No. 322494)
stephen.isbell@procopio.com
emily.marsh@procopio.com
200 Spectrum Center Dr., Ste. 1650
Irvine, CA 92618-5012
Tel: 949.705.0666

*Attorneys for Defendants AMPAM Parks Mechanical, Inc., Charles E. Parks III, John D. Parks, John G. Mavredakis, Kushal B. Kapadia, the AMPAM Board of Directors, James C. Wright III, Kevin Dow, James Ellis, Steve Grosslight, Mike Matkins, CHARKAT LLC, the trustee(s) of the John D. Parks Living Trust, and the trustee(s) of the Mavredakis Family Trust*

*/s/ Julian Andre*
J. CHRISTIAN NEMETH (Cal. Bar No. 222271)
RODE CARPIO (admitted *pro hac vice*)
jcnemeth@mcdermottlaw.com
rcarpio@mcdermottlaw.com
**McDermott Will & Schulte LLP**
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336
Telephone: +1 305 358 3500
Facsimile: +1 305 347 6500

JULIAN ANDRE (Cal. Bar No. 251120)
jandre@mcdermottlaw.com
**McDermott Will & Schulte LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 551 9335
Facsimile: +1 310 317 7296

ASSERET FRAUSTO (Cal. Bar No. 332023)
afrausto@mcdermottlaw.com
**McDermott Will & Schulte LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116
Telephone: +1 617 535 4067
Facsimile: +1 617 535 3800

*Attorneys for Defendants Neil Brozen and Ventura Trust Company*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2026, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.


Dated: June 18, 2026              */s/ Sarah M. Adams*

                                Sarah M. Adams